UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANA GRAVES, *et al.*,

    Petitioners,

        v.

USCIS,

    Respondent.

Civil Action No. 17-262 (JEB)

**MEMORANDUM OPINION**

    Dana Graves and Christopher Ihebereme brought this *pro se* Petition for Writ of Mandamus, asking the Court to order the United States Customs and Immigration Service to either "uphold and re-instate the 2013 petition approved by the USCIS Bureau of [I]mmigration Appeals" or "make a decision on an I-130 Petition for Alien Relative . . . filed for my husband [Ihebereme] on October 3rd 2014." Pet. at 1-2. In somewhat more detail, Petitioners explain that they married in 2007, and in 2009 they sought to adjust Ihebereme's immigration status. Id. at 2. Following a few years of legal proceedings, the petition was approved in 2014. Id. After USCIS subsequently withdrew approval, Petitioners refiled, and they claim in this suit that USCIS has unreasonably delayed ruling on such renewed petition. Id. at 2-3.

    Defendant now moves to dismiss on the ground that the action is currently moot. More specifically, USCIS explains that it granted the petition in April 2017, thereby affording the full relief that Petitioners sought. See Mot. & Att. 2 (Approved I-130 Petition). Respondent is correct. In other words, while Petitioners presented a live controversy when the case was filed in February, it has been fully resolved now in their favor. See Compton v. Alpha Kappa Alpha Sorority, Inc., 80 F. Supp. 3d 23, 29 (D.D.C. 2015) ("Even though this suit presented a

1

justiciable controversy when it was filed, Plaintiffs now have been afforded full relief and their . . . claims have become moot.").

Although Petitioners candidly concede that their demand "has been satisfied by defendants," Resp. at 1, they believe that they deserve some relief inasmuch as Respondent waited to act until after their Petition was filed. Id. at 1-2. They ask that "the court order defendants to refund the court fees including the filing fees and other charges in time and material cost spent by plaintiffs on this case." Id. at 1. In addition, they seek "punitive and compensatory damages." Id. The latter types of damages are not available here, not least because Petitioners' suit sought only mandamus relief and no damages of any kind. See Pet. at 1-2, 3. As for their filing fees, Petitioners may submit a Bill of Costs under Federal Rule of Civil Procedure 54(d)(1), although the Court offers no opinion on whether they are recoverable against the United States in this type of action.

The Court, accordingly, will grant Respondent's Motion and dismiss the case without prejudice. A separate Order so stating will issue this day.

.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 12, 2017

2